UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID MICHEAL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02908-JPH-DML |
| | ) | |
| SCOTT MELLINGER Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Issuance of Process**

Plaintiff David Jones, an inmate at the Madison County Jail, brings this action alleging unconstitutional jail conditions. Because Mr. Jones is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II.  The Complaint

Mr. Jones names twelve defendants: (1) Madison County Sheriff Scott Mellinger, (2) Commander Jugg; (3) Officer Mays; (4) Classification, Walters; (5) Captain Joey Cole; (6) Cassandra Estle; (7) Quality Care Medical Services; (8) Nurse Kellie Mattix/Maddox; (9) Dr. Lee; (10) Sara Absenger; (11) Nurse Jonathan Grimes; and (12) Sandy Franklin. Mr. Jones is suing the defendants in their individual and official capacities. He seeks damages and injunctive relief.

Mr. Jones has been incarcerated at the Madison County Jail ("the Jail") since July 9, 2020. He enumerates his issues as follows:

Issue I. Mr. Jones has had no recreation (indoor or outdoor) at any time since his incarceration.

Issue II. Mr. Jones has been forced to sleep on a mattress on the floor in a 60 square-foot cell with two to three other inmates. He has been stepped on, has had water bugs and mice crawl on him at night, and has woken up to a flooded cell with sewage and water soiling his blankets and mattress. There is also mold in the shower. Inmate trustees spray the mold with bleach, causing toxic fumes to fill the cellblock, impacting Mr. Jones's ability to breathe. He says Sheriff Mellinger, Commander Jugg, and Captain Cole claim they cannot remediate these conditions.

Issue III. Mr. Jones alleges that Quality Care Medical, Nurses John Grimes, Sara Absenger, Kellie Maddox, Sandy Franklin, and Doctor Lee are aware that Mr. Jones is a seizure patient and takes Gabapentin. At various times, Ms. Franklin, Ms. Maddox, Ms. Absenger, and Officer Mays have accused Mr. Jones of putting his Gabapentin in his cheek to hoard it. Dr. Lee has discontinued

Mr. Jones's Gabapentin as a result, but Mr. Jones has never been found guilty of hoarding it due to lack of evidence. Mr. Jones alleges he has had four seizures since July, causing him to fall and hit his head and arms. He alleges the nurses, doctor, Officer Mays, Sheriff Mellinger, Commander Jugg, and Captain Cole have been deliberately indifferent to his medical needs because he has advised them of his need for medication and to see a doctor but they have failed to do anything to prevent the seizures.

Issue IV. Mr. Jones alleges he has had inadequate access to the courts because he does not have access to materials to prepare his legal matters. He has asked Ms. Estle, who runs the Jail's commissary, and Sheriff Mellinger, Commander Jugg, and Captain Cole for pens, paper, and envelopes to prepare and mail his legal work. They have told him that they do not provide writing or mailing materials for free. Mr. Jones has had to sell his food to other inmates and "not eat for days" so that the inmates would buy him the necessary materials to prepare this lawsuit.

Issue V. From July until September 2020, Mr. Jones was placed on lockdown for 24 hours a day with only one hour out of his cell per day on the orders of Classifications Staff Walters, Captain Cole, Commander Jugg, and Sheriff Mellinger. At times he was alone, and other times he was housed with another inmate. Mr. Jones alleges that his placement in lockdown was not due to any disciplinary sanctions but was based on accusations that he had assaulted officers twenty years earlier.

Issue VI. Mr. Jones alleges that as of November 1, 2020, the jail had not turned on the heating.

### III. Discussion

Because Mr. Jones is a pretrial detainee, both his conditions-of-confinement and medical claims are analyzed under the objective reasonableness standard of the Fourteenth Amendment

rather than the deliberate indifference standard of the Eighth Amendment. *See McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018).

Mr. Jones's challenges to his conditions of confinement with respect to his access to recreation (issue one), conditions of his cell and the cellblock (issue two), placement on lockdown (issue five), and adequate heating (issue six) **shall proceed** against Sheriff Mellinger, Commander Jugg, and Captain Cole in their individual capacities and against Sheriff Mellinger in his official capacity. Mr. Jones's conditions of confinement claim about his placement on lockdown **shall also proceed** against Classification Staff Walters in his/her individual capacity. It is unnecessary to sue multiple official-capacity defendants as doing so is merely duplicative. The proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (citing *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989)). Here, the proper defendant is Sheriff Mellinger.

Mr. Jones's medical care claims **shall proceed** against Nurses John Grimes, Sara Absenger, Kellie Maddox, Sandy Franklin, Dr. Lee, Officer Mays, Sheriff Mellinger, Commander Jugg, and Captain Cole in their individual capacities and Sheriff Mellinger[1] in his official capacity.

The Court assumes that Quality Care Medical Services ("Quality Care") is the medical service provider for the Jail. Because Quality Care acts under color of state law by contracting to perform a government function, it is treated as a government entity for purposes of 42 U.S.C. §1983 claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). To prevail on a Fourteenth Amendment claim against Quality Care, Mr. Jones must allege that his

---

[1] Mr. Jones asks that the jail provide "adequate doctor, nurses," rather than specific care. Sheriff Mellinger would be responsible for ensuring adequate staffing.

injury was the result of Quality Care's policy or practice. *Id.* (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)). Because Mr. Jones includes no factual allegations supporting a policy or practice claim, his claim against Quality Care **is dismissed**.

Mr. Jones's access-to-courts claim **is dismissed**. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). Mr. Jones complains about his lack of access to writing materials, but "various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Because Mr. Jones does not describe any prejudice related to his ability to file this suit, his claim must be **dismissed**. As this was the only claim against Ms. Estle, she is dismissed as a defendant.

This summary of claims includes all the viable claims identified by the Court. If Mr. Jones believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 1, 2021**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to remove Cassandra Estle and Quality Care Medical Services as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sheriff Scott Mellinger, Commander Jugg, Captain Joey Cole, Classification Walters, Nurse John Grimes, Nurse Sara Absenger, Nurse Kellie Maddox, Nurse Sandy Franklin, Dr. Lee, and Officer Mays in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED.**

Date: 2/1/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID MICHEAL JONES
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Sheriff Scott Mellinger
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Commander Jugg
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Captain Joey Cole
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Classification Walters
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Nurse John Grimes
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Nurse Sara Absenger
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Nurse Sandy Franklin
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Nurse Kelly Maddox/Mattix
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Dr. Lee
Madison County Jail
720 Central Ave.
Anderson, IN 46016

Officer Mays
Madison County Jail
720 Central Ave.
Anderson, IN 46016