UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID MICHEAL JONES,                       )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          No. 1:20-cv-02908-JPH-DML
                                           )
SCOTT MELLINGER Sheriff, et al.,           )
                                           )
                    Defendants.            )

**Order Granting Motion for Summary Judgment (Partial) for
Failure to Exhaust Administrative Remedies**

Plaintiff David Jones, at all relevant times an inmate at the Madison County Detention

Center ("MCDC"), brings this civil rights action alleging unconstitutional jail conditions and

inadequate medical care. Defendants Sheriff Mellinger, Commander Jugg, and Captain Cole

("MCDC Defendants") seek summary judgment on one issue—whether Mr. Jones exhausted his

administrative remedies as to his complaint about mold in the shower. For the reasons explained

below, the motion for summary judgment is **granted**.

## I.      Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find

for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in

the light most favorable to the non-moving party and all reasonable inferences are drawn in the

non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

1

## II.    Facts

### A. Background

Mr. Jones was incarcerated at the Madison County Detention Center ("MCDC") from July 9, 2020, through January 15, 2021. Dkt. 38-1 at ¶ 7. On November 4, 2020, he filed a complaint under 42 U.S.C. § 1983 against MCDC Defendants and medical care providers ("Medical Defendants"), asserting several challenges to the conditions of his confinement at MCDC and the quality of the medical care. In its Screening Order, the Court identified the following claims against MCDC Defendants: (1) lack of access to recreation; (2) unconstitutional conditions of his cell and cellblock; (3) placement of Mr. Jones in his cell for 23 hours a day for three months; and (4) lack of adequate heating in MCDC. The Court synthesized Mr. Jones' conditions-of-confinement claim as follows:

> Mr. Jones has been forced to sleep on a mattress on the floor in a 60 square-foot cell with two to three other inmates. He has been stepped on, has had water bugs and mice crawl on him at night, and has woken up to a flooded cell with sewage and water soiling his blankets and mattress. There is also mold in the shower. Inmate trustees spray the mold with bleach, causing toxic fumes to fill the cellblock, impacting Mr. Jones' ability to breathe. He says Sheriff Mellinger, Commander Jugg, and Captain Cole claim they cannot remediate these conditions.

Dkt. 7 at 2.

The MCDC Defendants seek summary judgment on Mr. Jones's "claim that the bleach spray used to remediate mold in the shower made it difficult for him to breathe." Dkt. 41 at 1. Thus, although the MCDC Defendants do not call their motion a motion for *partial* summary

judgment or otherwise acknowledge it as such, it is clear from their memorandum in support that

they seek summary judgment for only this one claim.[1]

### B.  MCDC Grievance Procedure

The MCDC has a written grievance procedure ("MCDC Grievance Procedure") that was

in effect during the entirety of Mr. Jones' incarceration. Dkt. 38-1 at ¶ 7. Inmates had several ways

of reviewing the MCDC Grievance Procedure, including by watching a continuous broadcast of it

on any jail television, reviewing it on the jail's electronic communication system ("kiosk system"),

reviewing it on a jail-issued tablet, or asking jail staff to explain the process. *Id.*

The MCDC Grievance Procedure consists of the following steps: (1) submission of a

grievance on the kiosk system; (2) an appeal to the Jail Commander; and (3) an appeal to the

Sheriff. Dkt. 38-2 (MCDC Grievance Procedure). Exhaustion of administrative remedies requires

offenders to complete each step of the MCDC Grievance Procedure. *Id.* at 14.

### C.  Mr. Jones' Use of the Grievance Procedure

Mr. Jones submitted one grievance about the mold in the shower on September 4, 2020.

Dkt. 38-1 at ¶ 13. It stated,

> we have black mold real bad in shower the bleach will not get rid of this u have to
> replace bricks its covering hole brick with hot water in shower that mole goes to
> your lungs it will kill you fast mole isnt no joke I wont take shower.

*Id.* (errors original). MCDC jail staff responded, "Commanders are aware and now we have given

out paper towels and spray bleach as much as we can." *Id.*

Mr. Jones did not appeal after receiving this response. He relies on the part of the MCDC

Grievance Procedure which states, "The inmate is dissatisfied with the response to the grievance

he/she may appeal the response to the Jail Commander." Dkt. 38-2 at 7. He states he did not file

---

[1] The Medical Defendants are no longer pursuing an exhaustion defense. *See* dkt. 45.

an appeal because he "was satisfied with the Commander[']s response because they were trying to fix the problem." Dkt. 44 at 2.

### III.    Discussion

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Exhaustion is an affirmative defense, and the defendant bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Mr. Jones concedes that he did not appeal his grievance about the mold but argues that he wasn't required to because he was satisfied with the Defendants' response. It's true that a prisoner who has gained all the relief that is  available through the prison's administrative process need not take further action to satisfy the PLRA's exhaustion requirement—even if the administrative process includes additional steps that the prisoner has not yet completed.

> Once a prisoner has won *all the relief that is available* under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. When there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete.

*Thornton v. Snyder*, 428 F.3d 690, 695–96 (7th Cir. 2005) (quoting *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) (*abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007))) (emphasis added). The notion that a prisoner "should have appealed to higher channels after receiving the relief he requested in his grievances is not only counter-intuitive, but it is not required by the PLRA." *Id.* at 697.

This exception to the requirement that inmates complete all the steps in a grievance process applies only when the grievance response resolves the issue. *See id.* (remedies were exhausted because Thornton received requested relief—a new mattress and removal from a dirty cell); *Ross*, 365 F.3d at 695 (remedies were exhausted once Ross received the shower mats he requested); *Lewis v. Dr. Knoll*, No, 1:19-cv-00178-JRS-TAB, dkt. 53 (remedies were exhausted once infected tooth had been pulled).

But Mr. Jones did not achieve all the relief that was available. Indeed, within his grievance he complained about the jailers' decision to remediate the problem with bleach stating, "[T]he bleach will not get rid of this." Dkt. 38-1 at ¶ 13. He suggested that the bricks be replaced to remove the mold. *Id.* And the issue he raised in his complaint was that spraying the mold with bleach created toxic fumes that caused him to pass out. Dkt. 1 at 3. Thus, the jail's response—*more* bleach and paper towels—was not "all the relief that is available." *Thornton*, 428 F.3d at 695. To the contrary, MCDC's response would have exacerbated the medical issues raised by Mr. Jones in his complaint. Finally, Mr. Jones' argument that he chose not to pursue an administrative appeal because he was satisfied by the jail's response is belied by the fact that his complaint indicated that

the mold and bleach issue was an ongoing problem when he filed his complaint two months after the grievance exchange. *See* dkt. 1.

Mr. Jones also argues that he did not think it was necessary to complete all the steps of the grievance process because the commander, not the sheriff, runs the jail. Dkt. 44 at 4 (Mr. Jones "realized the commander ran the jail not the sheriff, so why appeal to a sheriff who does not run the jail and is not head of the jail[?] Therefore he did resolve his administrative remedies[.]"). But an appeal to the sheriff is required by the MCDC Grievance Procedure. Dkt. 38-2 at 10−14. Mr. Jones was not free to pick and choose which steps of the procedure to follow and which steps of the procedure to disregard. Instead, he was required to comply with the procedure as MCDC's rules dictated. *See Reid*, 962 F.3d at 329.

The undisputed evidence shows that the grievance procedure was available to Mr. Jones, but he did not complete it as required. Accordingly, Mr. Jones' claim that the MCDC Defendants' failure to remediate mold in the jail showers resulted in breathing problems must be **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.    Conclusion

For the reasons explained above, the defendant's motion for summary judgment, dkt. [38], is **granted** to the extent that Mr. Jones' conditions-of-confinement claim as it relates to mold in the jail showers is **dismissed without prejudice**. Mr. Jones' other conditions-of-confinement claims are not affected by this Order. The Court will issue a pretrial schedule that will apply to both MCDC Defendants and Medical Defendants by separate order.

**SO ORDERED.**

Date: 11/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

DAVID MICHEAL JONES
850168
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com